
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRED A. STEPHENS, | ) |
| | ) CASE NO. C12-1067-RAJ-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER RE: REQUEST FOR |
| SGT. FREDRICKSON, et al., | ) APPOINTMENT OF COUNSEL AND |
| | ) MOTION TO AMEND |
| Defendants. | ) |
| | ) |

Plaintiff Fred A. Stephens proceeds *pro se* in this civil rights matter pursuant to 42 U.S.C. § 1983. Plaintiff seeks the appointment of counsel and leave to submit a second amended complaint. (Dkts. 25, 28 & 29.) Respondent submitted an objection to the request for appointment of counsel and to the request to amend as set forth in the first motion to amend filed by plaintiff. (Dkt. 26.) The Court has not yet received a response to the second motion filed by plaintiff seeking an amendment (Dkt. 29), but that motion was not correctly noted under the local rules. Now, having considered the pending motions, the Court does hereby find and ORDER as follows:

ORDER
PAGE -1

(1)     There is no right to have counsel appointed in cases brought under § 1983 or in a general civil case.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis* (IFP), plaintiff is no longer proceeding IFP in this matter and, even if he were, he has not shown exceptional circumstances warranting the appointment of counsel.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (a finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the individual to articulate his claims *pro se* in light of the complexity of the legal issues involved).  The Court, in particular, notes that plaintiff has not demonstrated an inability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Id*.  Accordingly, plaintiff's request for the appointment of counsel (Dkt. 25) is DENIED.

(2)     Plaintiff seeks to amend his complaint to add one or more new defendants and a claim for declaratory and injunctive relief pursuant to 28 U.S.C. § 2201.  However, plaintiff failed to submit a proposed second amended complaint.  Any motion to amend not accompanied by a proposed amended complaint is procedurally deficient and will not be considered.  Accordingly, plaintiff's motions seeking joinder and the filing of a second amended complaint (Dkts. 25 & 29) are hereby STRICKEN from the docket.  If plaintiff wishes to pursue amendment of his complaint, he must submit a new motion to amend together with a proposed second amended complaint which sets forth each claim plaintiff wishes to pursue against each named defendant.

(3)     Plaintiff is reminded that, pursuant to Local Civil Rule 7(d)(2), all motions filed in a case in which a party is under civil or criminal confinement must be noted in accordance

with Rule 7(d)(1) or 7(d)(3), the latter of which requires a noting date no earlier than the third Friday after filing.  As such, any motion to amend filed by plaintiff must be noted no earlier than the third Friday after filing.

(4)   The Clerk shall direct copies of this Order to the parties and to the Honorable Richard A. Jones.

DATED this 16th day of October, 2012.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE -3