UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRED A. STEPHENS,

    Plaintiff,

    v.

SGT. FREDRICKSON, et al.,

    Defendants.

CASE NO. C12-1067-RAJ-MAT

ORDER RE: MOTION TO AMEND AND MOTIONS FOR EXTENSIONS OF TIME

Plaintiff Fred A. Stephens proceeds *pro se* in this civil rights matter pursuant to 42 U.S.C. § 1983. Plaintiff seeks to file a Second Amended Complaint (Dkt. 36) and to extend the time for pretrial preparations (Dkt. 35), while defendants seek an extension of time to file dispositive motions (Dkt. 45). Now, having considered the pending motions, the Court does hereby find and ORDER as follows:

(1) Plaintiff seeks to amend his complaint by, *inter alia*, naming two additional defendants – the Washington State Department of Corrections (DOC) and Dan Pacholke, the DOC Director of Prisons. Federal Rule of Civil Procedure 15 provides that "leave [to amend a

ORDER
PAGE -1

pleading] shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a).  Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff arguably sets forth a basis for the inclusion of Pacholke in this case, raising a claim regarding the DOC's "no contract" policy and noting Pacholke's previously submitted affidavit addressing that policy.  (*See* Dkt. 36 and Dkt. 15-1.)  *But see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (a plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability).  However, neither states, nor entities that are arms of the state, such as the DOC, are persons for purposes of § 1983.  *Howlett v. Rose*, 496 U.S. 356, 365-66 (1990); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).  *See also Brooks v. Sulphur Springs Valley Electric Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) ("The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature."); *S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 508 (9th Cir. 1990) (since defendant named undisputedly a state agency, claims are "prohibited by the eleventh amendment even though they sought prospective relief.")  Because plaintiff may not sue DOC in this lawsuit, his proposed amendment is, in this respect, futile.

Given the above, plaintiff's motion to amend (Dkt. 36) is DENIED.  However, the motion is denied without prejudice to the submission of a second amended complaint including Pacholke as a defendant and omitting the DOC.  The Court further finds the allowance for the submission of a second amended complaint appropriate in light of the fact that further

ORDER
PAGE -2

amendment could be required if this matter is consolidated with a similar case currently pending in this Court. *See Stephens v. Frederickson*, C12-1898-RAJ (Dkt. 7 (Report and Recommendation that case be consolidated with C12-1067 and noting that plaintiff "may move to file an amended complaint in C12-1067-RAJ-MAT."))

(2) Both parties in this matter seek an extension of currently pending Court deadlines. (Dkt. 35 (seeking extension of discovery and dispositive motion deadlines) and Dkt. 45 (seeking extension of dispositive motion deadline).) The Court agrees that the deadlines in this matter must be reset. However, the outstanding issue of consolidation and the absence of a second amended complaint appropriate for filing complicate the assignment of deadlines. The Court, therefore, finds it appropriate to set an initial deadline for the submission of a proposed second amended complaint. The motions for extension of time (Dkts. 35 & 45) are GRANTED. Plaintiff shall submit a motion to amend and proposed second amended complaint no later than **forty-five (45) days** of the date of this Order and the Court will reset the discovery and dispositive motion deadlines following receipt of the answer to the second amended complaint.

(3) The Clerk shall direct copies of this Order to the parties and to the Honorable Richard A. Jones.

DATED this 9th day of January, 2013.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE -3