HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRED A. STEPHENS,

    Plaintiff,

  v.

SGT. TODD FREDRICKSON, et al.,

    Defendants.

CASE NO. C12-1067RAJ-MAT

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' objection to a November 19, 2013 order from the Honorable Mary Alice Theiler, United States Magistrate Judge. This District's local rules prohibit an opposing party from responding to an objection unless the court orders a response. Local Rules W.D. Wash. LCR 72(a). The court finds that no response is necessary. The court DENIES the objection. Dkt. # 83.

## II. DISCUSSION

Judge Theiler's order resolved, among other things, Plaintiff's motion to compel the depositions of three or four prison officials. Judge Theiler found the request for depositions "entirely reasonable," and ordered the parties to "promptly meet and confer to resolve issues associated with the depositions and any other outstanding discovery disputes." There is no evidence that Defendants met their obligation to meet and confer.

ORDER – 1

1  Instead, they filed this objection, in which they complain that Judge Theiler did not make
2  explicit instructions as to how to complete the depositions.

3      Defendants' approach, in both this objection and in their opposition to Plaintiff's
4  motion to compel, has been to decry the cost and logistical difficulty of conducting
5  depositions inside the prison.  Their objections as to cost are meritless.  Plaintiff offered
6  to pay for audiocassettes necessary to record the depositions, and to pay the costs of
7  transcription.  Pltf.'s Reply (Dkt. # 79) at 3.  Plaintiff also offered to pay the cost of
8  renting recording equipment from a nearby community college.  Pltf.'s Mot. (Dkt. # 74)
9  at 3.  Defendants' only viable challenge regarding logistics is that Federal Rule of Civil
10 Procedure 28 allows many people to serve as officers before whom a deposition may be
11 taken, but it does not permit a deposition to be taken before a party's relative, employee,
12 attorney, or a person with a financial interest in the outcome of the action.  *Compare* Fed.
13 R. Civ. P. 28(a) *with* Fed. R. Civ. P. 28(c).  So far, Plaintiff has not proposed an officer
14 qualified to preside over a deposition.  As he observes, however, the parties may stipulate
15 to have a deposition taken before "any person" and in any matter.  Fed. R. Civ. P. 29(a).
16 The court assumes that this provision is one of the many reasons Judge Theiler ordered
17 the parties to meet and confer.

18     A court can modify a magistrate's order resolving a nondispositive motion only
19 where it is "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a).  Defendants
20 have demonstrated no error, much less clear error, and no portion of the order is contrary
21 to law.  The parties shall meet and confer as Judge Theiler ordered.  It is in everyone's
22 interest to reach an appropriate stipulation as to taking these depositions.  If Defendants
23 are unwilling to reach a stipulation that avoids the need for a person from outside the
24 prison to serve as an officer to preside over the deposition, Mr. Stephens may move the
25 court for permission to have an outside officer appointed.

ORDER – 2

Finally, the court notes that Defendants perpetually tout the difficulty of conducting litigation from inside a prison as a reason to deny Plaintiff basic discovery. While the court appreciates the challenges unique to prison litigation, prisoners are entitled to access to the courts. If Defendants continue to deny him reasonable access, the court will consider sanctions.

### III.  CONCLUSION

For the reasons stated above, the court DENIES Defendants' objection (Dkt. # 83) to Judge Theiler's November 19 order.

DATED this 10th day of December, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3